JUSTICE HOOD,
dissenting.
{18 The majority concludes that documents signed by Leadville satisfied the requirements for an acknowledgment of a debt, *587 even though (1) these documents were proposed amendments to the debentures at issue, not independent acknowledgments, and (2) these proposed amendments did not satisfy the parties' contractual requirements for modifying the debentures. In my view, the failed amendments were void; thus, so was the attempted acknowledgment of the debt contained within them. The majority instead perceives in these failed amendments new promises by Leadville to pay Hutchins and Gasper, new promises that established a new accrual date and effectively extended the applicable statute of limitations. Maj. op. "12. But in recognizing these promises, the majority enforces a fundamental change to the debentures-namely their due date-even though this change did not comport with the parties' agreed-upon process for modification. Because the majority cireumvents the parties' contractual arrangement, I respectfully dissent.
1 19 The trial court concluded that the loan extension agreements were void because they constituted a "modification" to the debentures requiring consent of two-thirds of the outstanding debtholders, and Leadville failed to obtain the requisite consent.
20 Petitioners appealed, arguing in part that the two-thirds consent requirement did not apply. The court of appeals rejected this argument, concluding that the acknowledgement and waiver purported to modify the debentures and were therefore subject to the two-thirds consent requirement:
[The 2008 extension agreements clearly and unambiguously operated as a modification of the debentures and not solely, as Hutchins contends, as an acknowledgment of the debt, The operative terms of the agreements specified an intent to extend the debentures' maturity dates by modifying and amending the terms of the debentures. Thus, we conclude that, consistent with the plain meaning of their language, the 2003 extension agreements purported to modify the terms of the debentures and therefore required agreement of two-thirds of the debenture holders.
La Plata Mountain Res., Inc. v. Leadville Mining Corp., No. 11CA0156, slip op. at 9-10, 2013 WL 2450130 (Colo. App. June 6, 2018) {citation omitted). Like the trial court, the court of appeals concluded that the requisite consent had not been obtained.
121 I agree with the trial court and the court of appeals. While Leadville unquestionably acknowledged its debt to Hutchins and Gasper, that acknowledgment-purporting to extend the debentures' maturity date to December 81, 2008-was contained in a document entitled, "Allonge [1] and Amendment to Leadville Corporation 12% Convertible Debenture Due October 81, 1989" ("Amendment"). On its face, the Amendment states that it is to be attached to "and made a part of" the debenture, Thus, the acknowledgment on which the majority relies was part and parcel of a proposed amendment to the debenture, which had to be approved by "the holders of 66-4%% in aggregate principal amount of the outstanding Debentures." The division concluded that this requirement had not been satisfied, and that determination is not before us.
$22 I am not persuaded otherwise by Hutchins's and Gasper's contention that the amendment was actually intended to achieve three separate purposes (Le., a waiver, an acknowledgment of the debt, and a modification), and that even if the modification failed, the waiver and acknowledgment were valid. This argument ignores the form in which Hutchins and Gasper chose to accomplish their desired goals. In my view, they must live with their choice.
{23 Because the Amendment-and therefore the acknowledgment of debt contained within it -failed, I would affirm the division's conclusion that any attempt by Hutchins and Gasper to collect on the debt at issue would be time barred.
*588 1 24 For these reasons, I respectfully dissent.
I am authorized to state that JUSTICE MARQUEZ and JUSTICE GABRIEL join in this dissent.

. An "allonge" is a "slip of paper. sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Allonge, Black's Law Dictionary (9th ed. 2009); see also Lamson v. Commercial Credit Corp., 187 Colo. 382, 531 P.2d 966, 968 (1975) ("The subject indorsement was typed on two legal size sheets of paper. It would have been physically impossible to place all of the language on the two small checks. Therefore, the indorsement had to be 'affixed' to them in some way. Such a paper is called an allonge.").